LOTTINGER, Judge.
This is a suit for the maximum amount ■of benefits allowed under the Workmen’s Compensation Law. The petitioner is John L. Mosely who, at the time of the alleged accident, was working for Jahncke Service, Inc., the defendant. The Lower Court rendered the judgment in favor of defendant and dismissed petitioner’s suit. Petitioner has appealed.
Petitioner alleges that for some few weeks prior to September 4, 1963, he was employed by Jahncke Service, Inc. On September 4, 1963, while doing sandblasting for his employer near Madisonville in the Parish of St. Tammany, Louisiana, he became entangled in an air hose that he was using and fell. Petitioner told his fellow worker Louis Badon about the accident, and Badon advised petitioner to report it to the employer, which petitioner did. There is no question but that the employment of petitioner was hazardous within the meaning of the Louisiana Compensation Act and that his rate of pay was sufficient to bring him under the $35.00 per week maximum benefits allowed under said act.
On the day following the accident, petitioner was sent to Dr. J. IT. Kety in Coving-ton, who treated him until November 6, 1963. Petitioner’s complaints to both his fellow workers as well as to Dr. Kety was to the effect that his stomach was injured, or pained him, a little bit forward of his left hip. Dr. Kety diagnosed the injury as a pulled muscle in this area and treated him accordingly. During the course of treatment by Dr. Kety, petitioner was never disabled, but continued in his employment with defendant. He received his regular wages during this period.
On November 6, 1963, some two months after the aócident, Dr. Kety was called out of the St. Tammany Hospital to the hospital’s parking lot where he found petitioner lying on the ground and complaining of great pain to his back. As there was no place available at the St. Tammany Hospital, Dr. Kety sent petitioner to New Orleans where he was treated by Dr. Kenneth Saer.
Dr. Saer, who was an orthopedic surgeon, treated petitioner for the back complaints and placed him in traction. Dr. Saer testified that the results were good and petitioner’s complaints quickly subsided, and, he was released from the hospital on November 18, 1963. Dr. Saer saw the petitioner as an out patient on three later occasions, and discharged him as able to return to his work as of December 2, 1963.
Petitioner did return to work for the defendant on December 9, 1963, and worked at his old job until January 24, 1964, when he was laid off because of a reduction in the labor force.
Subsequent to the lay off, petitioner made an application for unemployment compensation benefits. Just a few days later, a letter of demand for workmen compensation benefits was made by petitioner’s attorney upon the defendant. Thereafter petitioner went to see Dr. A. J. Feder in Hammond, who treated petitioner until shortly before the trial of this matter, at which time Dr. Feder testified that petitioner should try to return to work.
The Lower Court, after reviewing the medical evidence, held that the acute lumbo *319 sacral complaints of petitioner, which did not arise until some two months after the alleged injury, were not related to the accident, and, accordingly, judgment was rendered in favor of defendant.
Dr. Kety, who treated petitioner originally, diagnosed the injury as a muscle sprain of the abdomen. Dr. Kety saw petitioner on twenty-seven occasions between September 5 and October 30, 1963, during which time he received diathermy treatments. Dr. Kety discharged petitioner as cured on October 30, 1963.
Dr. Saer, who treated the petitioner during his hospitalization in New Orleans and thereafter, was of the opinion that as early as December 2, 1963, petitioner was able to return to his full duties. On other examinations of January 13, 1964 and May 27, 1964, Dr. Saer was of the same opinion.
Dr. Alexander Feder, Jr. first saw petitioner on February 13, 1964, and treated the petitioner through May 29 of the same year, when he suggested that the petitioner attempt to do light work. Upon subsequent examinations of June 12 and June 23, 1964, Dr. Feder was unable to find any objective symptoms of injury.
The questions presented before this Court are solely ones of fact. The. Trial Judge had the opportunity to observe the witnesses and to be generally familiar with them. After hearing the testimony of the various witnesses, the learned Judge of the Trial Court held that the petitioner had failed to show by a preponderance of the competent evidence that the injury complained of resulted from the accident of September 4, 1963. In view of the medical testimony which we have previously reviewed above, we fail to find any obvious error in the decision of the Lower Court.
For the reasons assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment áffirmed.